IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

IRIS SANCHEZ-PIZARRO,

Defendant.

CRIMINAL NO. 13-64 (DRD)

**REPORT AND RECOMMENDATION**

Defendant Iris Sánchez-Pizarro was charged in a One Count Information wherein from on or about November 21, 2011, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant herein, aided and abetted by others, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance. All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

On February 4, 2013, defendant appeared before this Magistrate Judge since the Rule 11 hearing was referred by the court. Defendant was provided with the Waiver of Indictment and a Waiver of Right to Trial by Jury, which she signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed her intention to plead guilty to Count One of the Information, upon being advised of her right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement her age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain her capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, she was examined and verified as being correct that: she had consulted with her counsel, Jedrick H. Burgos-Amador, prior to the hearing for change of plea, that she was satisfied with the services provided by her legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the Waiver of Indictment, the content of the Information and the charges therein, her constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdraw in her initial plea of not guilty and now entering a plea of guilty to the charge specified, she was waiving her right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. She was also waiving her right to be presumed innocent and for the government to meet the obligation of establishing her guilt beyond a reasonable doubt. Furthermore, she was waiving her right during said trial to confront the witnesses who were to testify against her and be able to cross-examine them, through counsel at said trial, as well as present evidence on her behalf. She was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of her right to take the stand and testify, if she so decided, or not to testify, and no inference or decision as to her guilt could be made from the fact if she decides not to testify. Defendant was also explained her right not to incriminate her self; that upon such a waiver of all above-discussed rights a judgment of guilty and her sentence were to be based on her plea of guilty, and she would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of her counsel, Attorney Burgos-Amador, indicated she freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that she could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that she may consult with her attorney at any given time as to any issue.

Defendant expressed her understanding of the penalties prescribed by statute for the offenses as to which she was pleading guilty. The penalty for the offense charged in Count One of the Information is a term of imprisonment which shall not be more than twenty (20) years, a fine not to exceed one million dollars ($1,000,000.00) and a term of supervised release of at least three (3) years.

The defendant shall pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction.

Having ascertained directly from defendant that she had not been induced in any way to plead guilty, that no one had forced her in any way to plead guilty, nor that she had been offered any reward or any other thing of value to get her to plead guilty, the document entitled "Plea Agreement pursuant to Rule 11(c)(1)(A) & (C) FRCP" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying her signature and initials on each and every page.

Pursuant to paragraph number Six of the Agreement, the undersigned apprised defendant of the Rule 11(c)(1)(C) Warnings. To this effect, defendant Iris Sánchez-Pizarro, understands that her sentence is within the sound discretion of the sentencing judge and the

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with her counsel and stated she understood the terms and consequences of the same. Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

advisory nature of the Sentencing Guidelines - including the Sentencing Guidelines Policy Statements, Application Notes, and Background Notes. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. The defendant is aware that the court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence report. If the Court rejects the Plea Agreement, the Court shall, on the record, inform the parties of this fact and afford the defendant an opportunity to withdraw the guilty plea, and advise the defendant that if the defendant persists in a guilty plea, the disposition of the case may be less favorable to the defendant than the defendant contemplated in the Plea Agreement. In addition, as part of the terms and conditions of the Plea Agreement, the parties agree that should the Court reject the Plea Agreement, the United States reserves the right to withdraw from its obligations under the Plea Agreement.

The United States of America and the defendant stipulate for purposes of this Plea Agreement that the defendant shall be accountable for possessing with the intent to distribute at least fifty (50) grams but less than one hundred (100) grams of cocaine, a Schedule II Narcotic Drug Controlled Substance.

The above-captioned parties' estimate and agreement that appears on page five, paragraph eight of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. The Base Offense Level pursuant to U.S.S.G. §2D1.1(c)(12) (at least 50 but less tan 100 grams of cocaine) is of Sixteen (16). Pursuant to U.S.S.G. § 3B1.2(b), a decrease of two (2) levels is agreed for minor participant. Pursuant to U.S.S.G. § 3E1.1, a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Eleven (11).

United States v. Iris Sánchez-Pizarro
Criminal No. 13-64 (DRD)
Report and Recommendation
Page No. 5

The parties agree and recommend that the defendant be sentenced as follows:

(1) The Government will be able to argue for any sentence that is within the applicable guideline range for Offense Level 11. The applicable guideline range will be determined by the defendant's CHC. For example, if the defendant's CHC is I, the applicable guideline range is eight (8) to fourteen (14) months.

(2) The defendant will be able to argue for any sentence legally available for the Sentencing Table Zone associated with the defendant's applicable guideline range. For example, if the defendant's CHC is I, the applicable guideline range is eight (8) to fourteen (14) months, which is in Zone B of the Sentencing Table.

The United States and the defendant agree that no further adjustment or departures to the defendant's offense level or agreed upon sentence shall be sought by the parties. The parties agree that any request by the defendant for an adjustment or departure inconsistent with the Sentence Recommendation provisions of this Plea Agreement will be considered a material breach of this Plea Agreement.

The parties do not stipulate as to any Criminal History Category for defendant.

As part of the written Agreement, the government, the defendant, and her counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

At sentencing, the government will move to dismiss the Indictment under Criminal No. 11-536 (DRD).

The government presented to this Magistrate Judge and to defendant, assisted by her counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged

the evidence of the government was fully disclosed to them and previously discussed between them. Defendant was able to understand this explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, her attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact she is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without her being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to her, to her counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that she can appeal her conviction if she believes that her guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by her guilty plea. Defendant was also informed that she has a statutory right to appeal her sentence under certain circumstances particularly if the sentence is contrary to law. Any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because her Plea Agreement contains a waiver of appeal in paragraph eleven (11) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with her counsel and understanding its

United States v. Iris Sánchez-Pizarro
Criminal No. 13-64 (DRD)
Report and Recommendation
Page No. 7

consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with her client.

Defendant was read the Information in open court and he indicated she availed herself of the opportunity to further discuss same with her attorney and then she positively stated that what was contained in Count One of the Information was what she had done and to which she was pleading guilty during these proceedings. Defendant was shown a written document entitled "Stipulation of Facts", which had been signed by defendant and her counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Thereafter, defendant expressed in no uncertain terms that she agreed with the government's evidence as to her participation in the offense. Thereupon, defendant indicated she was pleading guilty to Count One of the Information in Criminal Case No. 13-64 (DRD).

This Magistrate Judge after having explained to the defendant her rights, ascertaining that she was acting freely and voluntarily to the waiver of such rights and in her decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Information in Criminal Case No. 13-64 (DRD).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be set promptly, before Honorable Daniel R. Domínguez.

San Juan, Puerto Rico, this 5th day of February of 2012.

                                              s/ CAMILLE L. VELEZ-RIVE
                                              CAMILLE L. VELEZ-RIVE
                                              UNITED STATES MAGISTRATE JUDGE